IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

**PHOEBE RENEE HALLIWELL,**

    **Plaintiff,**

v.                                                   Case No. 23-CV-320-JFH-JAR

**OKLAHOMA DEPARTMENT
OF CORRECTIONS
and TERRY TUGGLE,**

    **Defendants.**

## OPINION AND ORDER

Plaintiff Phoebe Renee Halliwell ("Halliwell"), a pro se prisoner, has filed two requests for relief, which are combined in one motion. Dkt. No. 25. She asks the Court to appoint counsel and to grant her an extension of time to respond to Defendants' motion to dismiss. *Id.*

**I.    Improper Motion**

As an initial matter, Halliwell's combined motions do not comply with this Court's Local Civil Rules. Pursuant to Local Civil Rule 7.1(b), "[e]ach motion, application, or objection filed shall be a separate pleading, except where alternative pleading is allowed by law or these Rules." Halliwell has asked for two forms of relief in the same document. For the sake of judicial economy, the Court shall consider both parts of the motion, however, each future request for relief must be presented in a separate motion. Future motions that do not comply with Local Civil Rule 7.1(b) may be returned unfiled or stricken.

**II.    Motion for Appointment of Counsel**

Halliwell's request for appointed counsel alleges this case is complex, and her lack of "education and literacy" could impair her ability to present a proper legal claim. Dkt. No. 25 at 1.

She also asserts she has limited legal knowledge, and time factors could prevent her from adequately preparing her claim. *Id.*

Halliwell bears the burden of convincing the Court that her claim has sufficient merit to warrant such appointment. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *United States v. Masters*, 484 F.2d 1251, 1253 (10th Cir. 1973)). The Court has carefully reviewed the merits of Halliwell's claims, the nature of factual issues raised in the allegations, and her ability to investigate crucial facts. *McCarthy*, 753 F.2d at 838 (citing *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981)). After considering Halliwell's ability to present her claims and the complexity of the legal issues raised by the claims, the Court finds that appointment of counsel is not warranted. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991); *see also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

### III.   Motion for Extension of Time

Halliwell also has requested an "extinction" [sic] of time [Dkt. No. 25 at 2] to respond to Defendants' motion to dismiss [Dkt. No. 22]. The Court hereby grants Halliwell an additional fourteen (14) days from the entry of this Opinion and Order to file her response to the motion to dismiss.

IT IS THEREFORE ORDERED that Halliwell's motion for appointment of counsel [Dkt. No. 25 at 1] is DENIED, and her motion for extension of time [Dkt. No. 25 at 2] is GRANTED, as set forth above.

Dated this 2nd day of August 2024.

                                                    JOHN F. HEIL, III
                                                    UNITED STATES DISTRICT JUDGE