IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

PHOEBE RENEE HALLIWELL,

       **Plaintiff,**

v.

OKLAHOMA DEPARTMENT OF
CORRECTIONS, et al.,

       **Defendants.**

Case No. 23-CV-320-JFH-JAR

## OPINION AND ORDER

Plaintiff Phoebe Renee Halliwell ("Plaintiff"), a state prisoner appearing pro se and proceeding *in forma pauperis*, brings this federal civil rights action pursuant to 42 U.S.C. § 1983. Dkt. No. 1. Before the Court is the Motion to Dismiss submitted by Defendants Oklahoma Department of Corrections and Terry Tuggle ("Defendants") [Dkt. No. 22]. For the reasons discussed herein, the Court grants Defendants' motion in part and dismisses the action without prejudice for lack of jurisdiction and, in the alternative, for failure to comply with a Court order.

## BACKGROUND

Plaintiff is a male-to-female transgender inmate. At the time Plaintiff initiated this action, she was incarcerated at John H. Lilley Correctional Center ("JHLCC"), an Oklahoma Department of Corrections ("ODOC") facility in Boley, Oklahoma. Dkt. No. 1 at 1. Plaintiff brings claims against ODOC and Terry Tuggle, the Warden of JHLCC, in his official capacity. *Id.* at 1-2. Plaintiff alleges Defendants are "violating [her] civil rights," the Prison Rape Elimination Act of 2003, and state law by denying her requests to be transferred to a female prison. *Id.* at 2-3. She alleges that individuals at her former facility, the Howard McLoud Correctional Center, "forged documents to show in the system that [she] was a male" in order to keep her in the all-male facility.

*Id.* at 3. She further alleges that during her incarceration at the JHLCC, she "requested [her] birth certificate [from] the State of California" that identifies her as female[1] and presented it to Defendant Tuggle, who nonetheless denied transfer. *Id.* Plaintiff requests injunctive relief in the form of transfer either "to a female facility here in Oklahoma" or "to a California female facility to be paid fully by [ODOC]." *Id.* at 5.

I. **Defendants' Motion to Dismiss**

Defendants seek dismissal of Plaintiff's Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendants first argue that they enjoy sovereign immunity under the Eleventh Amendment and the action must therefore be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. Dkt. No. 22, at 17-21; *see Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) ("[A]n assertion of Eleventh Amendment immunity concerns the subject matter jurisdiction of the district court."). "Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Id.* Because Defendants' Rule 12(b)(1) challenge constitutes a facial attack on the allegations of subject matter jurisdiction, the Court presumes the allegations contained in the Complaint to be true. *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995).

"The Eleventh Amendment generally bars suits against a state in federal court commenced by citizens of that state or citizens of another state." *Good v. Dep't of Educ.*, 121 F.4th 772, 788

---

[1] Plaintiff attached to her Complaint a California birth certificate issued April 15, 2023. Dkt. No. 1, at 8. The certificate identifies Plaintiff by the name Phoebe Renee Halliwell, rather than the name under which she was convicted, Ronney Darnell, and lists Plaintiff's sex as female. *Id.* Defendants argue that this document was not Plaintiff's original birth certificate and cite, instead, to a birth certificate issued by the state of Indiana indicating Plaintiff was born male and named Ronald Hoskins. Dkt. No. 22, at 13-14 (citing Dkt. No. 20-4).

(10th Cir. 2024) (emphasis and internal quotation marks omitted); *see* U.S. Const. amend. XI; *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54, 65 (1996). The bar "applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007). Eleventh Amendment immunity encompasses not just suits against the State itself but also suits against "governmental entities that are arms of the state." *Good*, 121 F.4th at 789 (internal quotation marks omitted). Further, "[i]f an agency is an arm of the state, its sovereign immunity from actions for damages extends to its officials sued in their official capacities." *K.A. v. Barnes*, 134 F.4th 1067, 1074 (10th Cir. 2025). This is so because suits for damages "against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," and "[a]s such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Eleventh Amendment immunity, however, "is not absolute." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012).

> There are three exceptions. First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.

*Id.* (citations omitted). "Oklahoma has not consented to be sued in federal court." *Berry v. Oklahoma*, 495 F. App'x 920, 921 (10th Cir. 2012); *accord Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). Nor has Congress abrogated states' sovereign immunity through enactment of 42 U.S.C. § 1983. *Berry*, 495 F. App'x at 921-22. Thus, as an arm of the state, ODOC is shielded by sovereign immunity, and Plaintiff's claims against ODOC shall be dismissed pursuant

3

to Rule 12(b)(1). *See id.* at 922 ("ODOC is . . . shielded by sovereign immunity because it is an arm of the state." (citing *Eastwood v. Dep't of Corrs.*, 846 F.2d 627, 631-32 (10th Cir. 1988))).

As to Plaintiff's claims against Defendant Tuggle, an ODOC official sued solely in his official capacity for injunctive relief, Defendants argue that the *Ex parte Young* exception to Eleventh Amendment immunity should not apply. Defendants cite *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) for the proposition that "an official acting in his official capacity is not a 'person' within the meaning of § 1983 and is immune from suit by operation of the Eleventh Amendment." Dkt. No. 22 at 20-12; *see Will*, 491 U.S. at 71 ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). The U.S. Supreme Court, however, expressly clarified in *Will* that "a state official in his or her official capacity, *when sued for injunctive relief*, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will*, 491 U.S. at 71 n.10 (emphasis added); *see Amaro v. New Mexico*, 737 F. App'x 882, 888 (10th Cir. 2018) ("*Will* . . . does not bar requests for prospective relief that fall under the *Ex parte Young* rule.").

In determining whether the *Ex parte Young* exception applies, the Court "need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (alteration and internal quotation marks omitted). Even assuming, however, that Plaintiff's claims against Defendant Tuggle satisfy these criteria and the Eleventh Amendment does not bar Plaintiff's claims against him, the Court nonetheless finds, as discussed below, that it lacks jurisdiction to consider the claims.

Accordingly, the Court dismisses the claims against Defendant ODOC under Rule 12(b)(1) of the Federal Rules of Civil Procedure but does not reach Defendants' remaining arguments for

dismissal.

## II.     Mootness of Remaining Claims

Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Federal courts lack subject matter jurisdiction "if a case is moot." *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010). "When a prisoner files suit against prison officials who work in the institution in which he is incarcerated, seeking declaratory and injunctive relief on the basis of alleged wrongful conduct by those officials, and then that prisoner is subsequently transferred to another prison or released from the prison system, courts are presented with a question of possible mootness." *Jordan v. Sosa*, 654 F.3d 1012, 1027 (10th Cir. 2011).

ODOC's publicly available records, of which the Court takes judicial notice, indicate that Plaintiff is no longer housed at JHLCC.[2]  *See* ODOC Offender Lookup, https://okoffender.doc.ok.gov/ (last visited July 11, 2025) (reflecting that Plaintiff's current facility is the Jess Dunn Correctional Center, in Taft, Oklahoma). Accordingly, on June 20, 2025, the Court issued an Order directing Plaintiff to provide written notice within fourteen days, or by July 4, 2025, of her current facility and address. The Court advised that failure to comply with the Court's Order may result in the dismissal of the action under Rule 41(b) of the Federal Rules of Civil Procedure. As of this date, Plaintiff has not responded to the Court's Order. Accordingly, in the absence of any indication the public record of Plaintiff's current location is inaccurate, the Court concludes that Plaintiff is no longer housed at JHLCC. *See Van Woudenberg ex rel. Foor*,

---

[2] "[T]he court is permitted to take judicial notice of . . . facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001).

248 F.3d at 568 (rejecting the plaintiff's challenge to district court's use of judicial notice where the plaintiff "had ample opportunity to question the accuracy of [the] materials" and failed to indicate "what, if anything, [was] inaccurate about them").

Whether a prisoner's transfer to another prison renders his claims for injunctive relief moot depends on the nature of his claims and whether the named defendants remain situated to effectuate that relief despite the transfer. The Tenth Circuit has explained that,

> where a prisoner brings a lawsuit challenging policies that apply in a generally uniform fashion throughout a prison system, courts have been disinclined to conclude that the prisoner's declaratory or injunctive claims are moot, even after he has been transferred to another prison in that system. Critically, in determining that the transferred prisoners' claims for declaratory or injunctive relief were not moot, these courts have focused upon the fact that the prisoners had sued defendants who were actually situated to effectuate any prospective relief that the courts might see fit to grant—*viz.*, that the prisoners had sued the director of the prison system or the prison system itself. Conversely, these cases indicate that a transferred prisoner's challenge to system-wide prison policies is moot where he seeks equitable relief and *only* sues prison officials at the transferor institution—that is, the institution where he was *formerly* incarcerated.

*Jordan*, 654 F.3d at 1028-29 (citations omitted). As previously discussed, Plaintiff's claims against Defendant ODOC fail under the doctrine of sovereign immunity. Plaintiff's sole remaining claims are for injunctive relief against Defendant Tuggle, the warden of his former facility, in his official capacity. Plaintiff's claims against Defendant Tuggle do not appear to challenge policies that are generally applicable throughout the prison system. Nor is Defendant Tuggle, as warden of Plaintiff's former facility, currently situated to effectuate Plaintiff's request for a transfer to a female prison. Accordingly, the Court determines that Plaintiff's transfer has rendered Plaintiff's claims against Defendant Tuggle moot and the Court therefore lacks subject matter jurisdiction to consider them. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### III.     Plaintiff's Failure to Comply with a Court Order

As an alternative basis for dismissal, the Court determines this action should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure due to Plaintiff's failure to comply with the Court's June 20, 2025, Order and the Court's local rule requiring parties to notify the Court of any address changes. *See* LCvR 5.6(a). Under Federal Rule of Civil Procedure 41(b), if a plaintiff "fails to prosecute or to comply with . . . a court order," the Court may dismiss the action. Fed. R. Civ. P. 41(b). The Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." *Huggins v. Sup. Ct. of U.S.*, 480 F. App'x 915, 916–17 (10th Cir. 2012) (internal quotation marks omitted); *see AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (internal quotation marks omitted)). As outlined above, Plaintiff has failed to comply with the Court's Order of June 20, 2025, or submit a notice of change of address as required under local rule.

If the dismissal is without prejudice, the Court may "enter [the] order without attention to any particular procedures." *AdvantEdge Bus. Grp.*, 552 F.3d at 1236 (internal quotation marks omitted). When, however, "a dismissal without prejudice [would] have the practical effect of a dismissal with prejudice" due to the expiration of the applicable statute of limitations, the Court must consider certain criteria. *Id.*; *see Villecco v. Vail Resorts, Inc.*, 707 F. App'x 531, 534 (10th Cir. 2017). "[T]hese criteria include: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007) (internal quotation marks omitted).

Plaintiff did not provide the dates of the alleged incidents underlying his claims. However, even if the Court were to assume that the statute of limitations would bar his claims in a future action, the Court finds dismissal appropriate, as the pertinent factors support dismissal. Defendants were prejudiced in that Plaintiff's failure to identify his current address prevented Defendants from raising the mootness argument. As to Plaintiff's culpability, Plaintiff has not provided the Court with any explanation for his failure to comply with the local rule or the Court's Order, and Plaintiff "bore responsibility for [his] inability to receive the court's filings based on his failure to notify the court of his correct address." *Faircloth v. Hickenlooper*, 758 F. App'x 659, 662 (10th Cir. 2018) (citing *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1265 (10th Cir. 1999)). The Court advised Plaintiff in its June 20, 2025, Order that the failure to provide notice of her address may result in the dismissal of the action. Dkt. No. 28, at 2. Finally, the Court has had no correspondence from Plaintiff in over a year and cannot predict when Plaintiff may provide a current address. Accordingly, the Court finds that no lesser sanction would prove effective.

## CONCLUSION

For the forgoing reasons, the Court finds that Plaintiff's Complaint [Dkt. No. 1] should be dismissed without prejudice for lack of jurisdiction and, in the alternative, for failure to comply with a Court order and local rule.

IT IS THEREFORE ORDERED that:

(1) Defendants' Motion to Dismiss [Dkt. No. 22] is GRANTED in part. The claims against Defendant ODOC are DISMISSED without prejudice for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure;

(2) Plaintiff's claims against Defendant Tuggle are DISMISSED without prejudice for lack of jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure;

(3) Alternatively, this action is DISMISSED under Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a Court order and local rule;

(4) Plaintiff's Motion for Summary Judgment [Dkt. No. 24] is DENIED as moot; and

(5) A separate judgment of dismissal shall be entered in this matter.

Dated this 14th day of July, 2025.

                                                                   _____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE